Argued October 2, affirmed December 11, 1963

## PHILLIPS ET AL *v.* GOARD
387 P. 2d 361

*William E. Dougherty,* Portland, argued the cause and filed a brief for appellant.

*J. S. Middleton,* Portland, argued the cause and filed a brief for respondents.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

SLOAN, J.

This is a dispute between the members of a limited partnership over the distribution of the proceeds of the sale of the partnership assets. The assets sold were the entire facilities of a radio station in Portland, designated by the call letters KPFM and KPAM. The trial court found in favor of plaintiffs. Defendant appeals.

The partnership was formed in 1944 by written agreement. Defendant Goard became the only general partner, plaintiffs Phillips, Murray and Dolores Zabelle's deceased husband were the limited partners. The business purpose of the partnership was to obtain the essential license, equipment and other facilities necessary to establish a frequency modulation radio station. This was done and the station began broadcasting in 1946. Each of the partners had contributed capital necessary to establish the station. Goard had provided both capital and the technical skill, knowledge, labor and drive required to put the station on the air and, despite adversity, keep it there. Between 1946 and 1952 the business was not prosperous and the partners were obliged to make additional contributions to capital. Accordingly, in March 1953 the partners executed a second supplemental partnership agreement by which each partners' share in the partnership was fixed in this proportion: Defendant Goard and plaintiffs Phillips and Murray were each deemed to have 28 percent of the business and 16 percent was vested in plaintiff Zabelle. At about the same time the parties reached an understanding in respect to the compensation to be paid, thereafter, to defendant Goard.

This compensation agreement provided that Goard should receive $500 per month plus 25 percent of the

net profit of the partnership in each year in excess of $6,000. The present dispute began when defendant Goard claimed that the compensation agreement entitled him to retain 25 percent of the gain the partnership enjoyed upon the sale of the assets. The gain, just mentioned, was the very large difference between the amount the partners had contributed to the partnership capital and the purchase price received upon the sale of the partnership assets in 1959–60.

After the sale Goard submitted an accounting to plaintiffs in which he sought to retain 25 percent of the described gain, in addition to 28 percent of the balance remaining. Plaintiffs filed the instant suit seeking an accounting and a determination of rights. After issue was joined the trial court entered an order appointing a referee "* * * to try all issues of law and fact placed in issue by the pleadings * * *" and to report to the court.

The referee did hear and examine a great amount of complex evidence and submitted a comprehensive report, and supplemental report, to the court. The referee found for plaintiffs. The trial court confirmed and approved the referee's report. We also concur in the conclusions made by the referee.

The following, from his report, fully summarizes the only result permitted by the evidence:

"As previously stated, there is no great difficulty in determining what the actual text of the arrangement was, but there is violent disagreement about the meaning of the word 'profit.' Nor do we get any aid from the dictionary or from the cases. The judges say that the word 'has no fixed meaning;' that it is 'capable of numerous constructions;' it is 'an elastic and ambiguous word often properly used in more than one sense.' At lease [sic] one

case says, 'It may include an increase in value of realty' but again it may not, because 'for any given use its meaning must be derived from the context.'

"George E. Warren Co. v. U.S. (Mass) 76 F Supp 587, 591

"Gulf Refining Co. v. Stamford (Miss) 30 S2d 516, 517

"Hayes v. Hayes (N.H.) 19 Atl 571

"Herron v. Pencer (Okla) 231 P2d 691, 693.

"Asso. Electric Co. v. U.S., 97 F Supp 821, 825.

"Considered in the context of the conditions existing in February 1953, I have no difficulty in reaching the conclusion that the plaintiffs in using the word 'profits' had not the least thought of including any item other than ordinary and usual operating net revenues from broadcasting."

The referee correctly concluded defendant could not recover upon the express contract of the parties.

In the alternative defendant claimed that he was entitled to additional compensation on a quantum meruit basis. It would serve no purpose at all to here repeat the detailed analysis of the evidence contained in the referee's report of this aspect of defendant's contentions. It must be stated that in the unprofitable years defendant did devote exceptional skill and endurance to the success of the venture. And, his labors were meagerly paid. But all of this was thrashed out and settled by the partners when his compensation was fixed by the 1953 agreement. It is necessary, therefore, to agree with the referee that Goard had been obliged, by the partnership agreements, to perform the services rendered. 1 Rowley, Partnership (2nd ed, 1960) § 18 (f). The evidence would not justify a finding that Goard's compensation was to be anything more nor

less than he had agreed to in 1953. The court cannot rewrite the agreement.

> "No fraud or mistake or lack of business acumen or inability to understand the English language is claimed in this case; it is not a suit to reform a written instrument. It may be that it is a hardship case from the standpoint of the defendant, but courts are not authorized because of harsh consequences to rewrite the terms of a contract." *Ramsay Signs, Inc. v. Dyck,* 1959, 215 Or 653, 659.

Other contentions advanced by defendant have been examined. But we are convinced that the case was correctly decided by the trial court and the decree must be affirmed.